IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:19CR318 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| CLIFFORD CANTWELL, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin Herdman, United States Attorney, and Payum Doroodian, Assistant United States Attorney, and respectfully submits this memorandum for the sentencing of Defendant Kristina Cantwell.  The United States agrees with the calculation within the Presentence Investigation Report ("PSR"), placing Defendant's Criminal History Category as IV and Offense Level as 11 after acceptance of responsibility. Thus, Defendant's advisory Sentencing Guidelines range is 18 to 24 months (Doc. No. 17 at ¶ 77).  For the reasons set forth below, this Court should impose a sentence within the advisory Guidelines range.

**I.     FACTUAL BACKGROUND**

On May 28, 2018, Defendant's wife visited him at FCI Elkon.  Based on reports, prison officials were suspicious that Ms. Cantwell had been providing Defendant with narcotics and other contraband while Defendant was serving his 70 month sentence for drug trafficking.  While in the visiting room, officials observed Ms. Cantwell pull a Welch's snack bag out of her jacket pocket for Defendant to consume.  After swallowing three times without chewing, officials

stepped in and seized the snack bag, which contained 8 balloons containing 50 strips and 4 pills of suboxone containing buprenorphine (a schedule III controlled substance), 10 tablets of hydrocone (a schedule II controlled substance), and tobacco.

## I.     APPLICATION OF § 3553(a) FACTORS

Considering the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, a within-Guidelines sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, protect the public and afford adequate deterrence.

In reviewing Defendant's extensive criminal history and his conduct here in coordinating to receive a distributable amount of narcotics while in federal prison, it's easily apparent that Defendant has yet to understand that he must reform himself.  Defendant was sentenced on May 19, 2015 for trafficking cocaine after being indicted on 19 counts along with 22 other defendants. Defendant received a within-Guidelines range sentence of 70 months.  Clearly, committing a drug offense while currently incarcerated for a drug offense proves Defendant's recidivist nature as well as the need for this sentence to provide adequate deterrence and protect the public.

In his sentencing memo, Defendant argues for a variance on the basis that his conduct caused no injury and the liberties he lost while in prison due to his conduct. This court should give little weight to either ground.  First, given the amount of drugs that Defendant was attempting to possess, not counting the three balloons he consumed that were never recovered, it's clear that Defendant would have likely distributed narcotics to other prisoners, which could have resulted in injury.  Second, Defendant has no right to any of the liberties he previously enjoyed before being caught attempting to obtain narcotics.  These administrative measures are fully within the purview of the Federal Bureau of Prisons to withhold in order to encourage good behavior and minimize risk.  Defendant should not be given "sentencing credit" for such

measures imposed to protect FCI Elkon. Accordingly, a Guidelines range sentence is warranted for a Defendant that has a proven inability to respect the law and a high likelihood to re-offend.

## III. CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court impose a sentence within the advisory Guidelines range.

                Respectfully submitted,

                JUSTIN HERDMAN
                United States Attorney

By: /s/ Payum Doroodian
      Payum Doroodian (DC: 1035376)
      Assistant United States Attorney
      United States Court House
      801 W Superior Ave, Suite 400
      Cleveland, OH 44113
      (216) 622-3739
      (216) 522-2403 (facsimile)
      Payum.Doroodian@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                              /s/ Payum Doroodian
                                              Payum Doroodian
                                              Assistant U.S. Attorney